**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS – EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOEL JUENGER, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:24-cv-02284-NJR |
| | ) | The Honorable Nancy J. Rosenstengel, Judge |
| DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE DEACONESS DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** .......... **1**

**LAW AND ARGUMENT** .......... **3**

**I. STANDARD OF REVIEW.** .......... **3**

**II. ILLINOIS LAW DOES NOT SUPPORT RECOGNIZING AN IMPLIED DUTY OF CONFIDENTIALITY CLAIM UNDER THE FACTS ALLEGED.** .......... **3**

**III. JUENGER ALSO FAILS TO STATE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT.** .......... **6**

A. JUENGER'S DECEPTIVE PRACTICES CLAIM SHOULD BE DISMISSED FOR FAILURE TO ALLEGE PERSONAL DECEPTION. .......... 6

B. JUENGER'S UNFAIR PRACTICES CLAIM SHOULD BE DISMISSED BECAUSE THE ILLINOIS PERSONAL INFORMATION PROTECTION ACT DOES NOT APPLY AS A MATTER OF LAW AND JUENGER HAS NOT ALLEGED ACTUAL LOSS. .......... 7

**CONCLUSION** .......... **10**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Akers v. Costco Wholesale Corp.*,
631 F. Supp. 3d 625 (S.D. Ill. 2023) ........ 3

*Benson v. Fannie May Confections Brands, Inc.*,
944 F.3d 639 (7th Cir. 2019) ........ 9

*Cornielsen v. Infinium Cap. Mgmt., LLC*,
916 F.3d 589 (7th Cir. 2019) ........ 3

*De Bouse v. Bayer*,
235 Ill. 2d 544 (2009) ........ 6, 7

*Dinerstein v. Google, LLC*,
484 F. Supp. 3d 561 (N.D. Ill. 2020) ........ 3

*Dinerstein v. Google, LLC*,
73 F.4th 502 (7th Cir. 2023) ........ 3

*Geisberger v. Willuhn*,
72 Ill. App.3d 435 (2d Dist. 1979) ........ 4, 5

*Khorloo v. John C. Heath Attorney at Law, PLLC*,
2020 WL 1530735 (N.D. Ill. Mar. 31, 2020) ........ 9

*Kurowski v. Rush System for Health*,
659 F. Supp. 3d 931 (N.D. Ill. 2023) ........ 3

*Oliveira v. Amoco Oil Co.*,
201 Ill. 2d 134 (2002) ........ 6, 7, 9

*Washington v. Hyatt Hotels Corp.*,
2020 WL 3058118 ........ 9

**STATUTES**

735 ILCS § 5/8-802 ........ 5

815 ILCS 505/2 ........ 9

815 ILCS 505/10 ........ 9

815 ILCS § 10 ........ 9

815 ILCS § 530/5 ... 7

**OTHER AUTHORITIES**

FED. R. CIV. PRO. RULE 12(B)(6) ... 2, 3, 10

## INTRODUCTION

This case raises the same basic alleged website privacy violations as does the companion case against a different Deaconess Illinois entity that is also pending before this Court. *See Jane Doe v. Deaconess Illinois Union County Hospital, Inc.*, Case No. 3:24-cv-02284-NJR (filed 10/4/24). As in the *Union County Hospital* case, the upshot of plaintiff Joel Juenger's allegations against the Red Bud Regional Hospital defendants in this case is the same: Juenger claims these defendants allegedly violated Juenger's privacy rights by using digital analytical tools on the Red Bud Regional's public website: https://redbudregional.com/. (Dkt. # 1, ¶ 10.)

As in *Doe*, Juenger likewise alleges that these tools "collected and transmitted patients' Private Information to Facebook and Google, possibly other third parties, without patients' knowledge or authorization." (*Id.*) The complaint is copy and pasted from other complaints, and thus has numerous overlapping allegations. (*Compare id.* at pgs. 20-31 (paragraphs 80-113), *with id.* at pgs. 31-40 (re-alleging paragraphs 80-113).)

The claims between this case and the *Doe* case are also identical, save for two respects: the *Juenger* complaint has substituted out Doe's breach of express contract and bailment claims in favor of two others. First, a common law claim under Illinois law for an alleged breach of the implied duty of confidentiality. (Dkt. # 1, Compl. ¶¶ 277-287.) Second, a statutory claim under the Illinois Consumer Fraud and Deceptive Practices Act. (*Id.*, ¶¶ 288-308.)

Apart from that, Juenger's ten remaining claims, for alleged negligence (*id.*, ¶¶ 288-308), negligence *per se* (*id.*, ¶¶ 233-245), invasion of privacy by intrusion upon seclusion (*id.*, ¶¶ 246-257), breach of implied contract (*id.*, ¶¶ 258-268), unjust enrichment (*id.*, ¶¶ 269-276), statutory claims for alleged violations of the Illinois Eavesdropping Act (*id.*, ¶¶ 309-332), and the federal

Electronic Communications Privacy Act, Stored Communications Act, and Computer Fraud and Abuse Act (*id.*, ¶¶ 333-387), are all duplicative of the same claims in the *Doe* case.

For purposes of efficiency, and because the same dispositive issues are being raised on the same claims, the Deaconess defendants will not repeat the arguments raised in the *Doe* case in this briefing here. Instead, the Deaconess defendants incorporate by reference that briefing into this companion case, which will be dispositive of the same claims, and pray that judgment be entered on Juenger's claims under Rule 12(b)(6) for the same reasons as are raised in *Doe*.

This includes specifically with respect to the following claims: Doe's damages arguments on Juenger's negligence, negligence *per se*, and implied contract claims (*see Doe Mem. in Supp. 4-6*); Doe's arguments for pleading the elements of Juenger's invasion of privacy by intrusion upon seclusion, unjust enrichment and Illinois Eavesdropping Act claims (*id. at 6-7 (invasion of privacy)*; *id. at 8-10 (unjust enrichment and Eavesdropping Act*)); and Doe's arguments for dismissal of Juenger's federal statutory claims, all of which are identically pleaded (*id. at 10-20*).

In this briefing, the Deaconess defendants will thus address the two remaining claims at issue in the combined cases: Juenger's claims for alleged breach of the implied duty of confidentiality and for alleged violation of the Illinois Consumer Fraud Act. (Dkt. # 1, Compl. ¶¶ 277-308.) The arguments on these two additional claims are in turn are straightforward: Illinois law has not recognized an implied duty of confidentiality claim in tort; the implied contract theory based on alleged implied duty is narrow, and Juenger has not alleged facts to raise such a claim here; and Juenger has not adequately alleged the required elements for an Illinois Consumer Fraud Act claim, under either a deceptive practices or unfair practices theory.

Accordingly, notwithstanding the addition of these claims, the Court should also dismiss Juenger's complaint under Rule 12(b)(6) with prejudice.

## LAW AND ARGUMENT

### I. STANDARD OF REVIEW.

"A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) 'tests whether the complaint states a claim on which relief may be granted.'" *Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 631 (S.D. Ill. 2023) (quoting *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)).

To survive the motion, the complaint "must (1) describe the claim in sufficient detail to give the defendant fair notice of the claim and grounds on which it rests, and (2) contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019) (quotations omitted).

"The complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### II. ILLINOIS LAW DOES NOT SUPPORT RECOGNIZING AN IMPLIED DUTY OF CONFIDENTIALITY CLAIM UNDER THE FACTS ALLEGED.

Count VI of Juenger's complaint pleads a common law claim for an alleged "breach of the implied duty of confidentiality." (Dkt. # 1, Compl. ¶¶ 277-287.) Juenger pleads this claim based on an implied contract theory of liability. (*Id.*, ¶ 280 ("[t]here is a duty of confidentiality implied in every health care provider and patient relationship, akin to an implied contract").)

There is good reason for this: Illinois law has not recognized an independent tort claim based on an alleged breach of physician-patient confidentiality. *See Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 594 (N.D. Ill. 2020) ("declin[ing] the invitation" to recognize tort claim for alleged breach of physician-patient confidentiality under Illinois law), *aff'd on other grounds* 73 F.4th 502, 516 n.4 (7th Cir. 2023).

Forty-five years ago, the Appellate Court did recognize the potential for an implied contract based theory of liability for an alleged breach of physician-patient confidentiality in *Geisberger v. Willuhn*, 72 Ill. App.3d 435, 438 (2d Dist. 1979). The scope of this claim, however, is narrow. Specifically, the plaintiff brought suit in *Geisberger* after the employee of a physician furnished the plaintiff's name as a possible suspect in an armed robbery. *Id.* at 436. The plaintiff sued the physician for this alleged breach of physician-patient confidentiality under three distinct theories: (1) breach of Illinois's statutory physician-patient privilege; (2) breach of an implied contract not to divulge confidential information acquired through the physician-patient relationship; and finally, (3) for an alleged "invasion of privacy." *Id.* at 436.

The Appellate Court affirmed the dismissal of the *Geisberger* complaint in its entirety. *Id.* at 437-38. As relevant here, the court first held that patient status alone is not protected health information under Illinois law for purposes of the statutory physician-patient privilege: "We follow the overwhelming majority of the courts of the United States which have held that the disclosure of the name alone of the patient by a doctor or his agents does not violate the patient-doctor privilege established by section 5.1." *Id.* at 438.

This holding nullified the plaintiff's breach of implied duty claim as well. *Id.* This was so because, as the Appellate Court held, "for all practical purposes, the breach of a confidential relationship and the breach of contract are probably co-extensive." *Id.* "In other words, those disclosures which violate the statutory privilege also define what is actionable under a contract theory." *Id.* The court thus concluded: "The cases that have recognized the contract theory as a cause of action make it clear that the action for the disclosure of 'personal' information, E.g., *information relating to the patient's mental or physical condition or the physician's diagnosis or treatment*." *Id.* (emphasis added).

Thus, even assuming *Geisberger* establishes a valid implied contract theory cause of action based on an alleged breach of physician-patient confidentiality, that would not apply to Juenger's allegations in this case here. Drawing from the *Geisberger* opinion itself the scope of that cause of action is limited, and would encompass only disclosures that violate the statutory physician-patient privilege. *See* 72 Ill. App.3d at 438.

And, on this salient point, the Illinois statute, first enacted in 1959, *see* Physician-Patient Privilege, 56 N.W. U.L. Rev. 263, 263-64 (1961-62), is tied to the actual provision of physical care: "No physician or surgeon shall be permitted to disclose any information *he or she* may have acquired *in attending any patient* in a professional character, necessary to *enable him or her professionally to serve the patient*." 735 ILCS § 5/8-802 (emphasis added).

Juenger's claim does not involve information that was learned by any Red Bud Regional physician while "attending any patient." To the contrary, Juenger alleges that information regarding his computer device was transferred to Facebook and Google when Juenger visited Red Bud Regional hospital's publicly available website. (Dkt. # 1, Compl. ¶¶ 1, 10; *id.*, ¶ 286 (alleging "Defendants breached the implied duty of confidentiality to Plaintiff and Class Members by intentionally deploying Pixels on their Website and Online Platforms").)

Thus, even assuming *Geisberger* recognizes a valid implied contract theory, the alleged information at issue here falls outside the scope of that opinion. *See also Kurowski v. Rush System for Health*, 659 F. Supp. 3d 931, 940 (N.D. Ill. 2023) (dismissing implied confidentiality claim under Illinois law; "Kurowski fails to allege the disclosure of any information related to the provision of treatment to her or other similarly situated Rush patients.").

## III. JUENGER ALSO FAILS TO STATE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT.

Count VII of Juenger's complaint alleges a claim under the Illinois Consumer Fraud Act. (Dkt. # 1, Compl. ¶¶ 289-308.) This count in turn contains two distinct theories of liability. *First*, Juenger alleges that the Deaconess defendants engaged in "deceptive acts and practices" (*id.*, ¶ 294), "with intent that Plaintiff and Class Members rely upon the concealment, suppression or omission of a material fact: that Defendants were tracking Plaintiff's and Class Member's Private Information, using it for advertising purposes without their permission, and disclosing that information to unauthorized third parties" (*id.*, ¶ 295).

*Second*, Juenger alleges a claim based upon the Deaconess defendants' alleged "unfair acts or practices." (*Id.*, ¶ 294.) This claim in turn is grounded in the Deaconess defendants' alleged failure to adopt adequate security measures under the Illinois Personal Information Protection Act (*id.*, ¶¶ 297-304). As Juenger alleges here: "Defendants violated the IPIPA by failing to implement and maintain reasonable security measures to protect Plaintiff's and Illinois Subclass Members' PHI and PII." (*Id.*, ¶ 304.)

Both prongs of Juenger's Illinois Consumer Fraud Act claim should be dismissed for the reasons set forth in this section.

### A. Juenger's Deceptive Practices Claim Should Be Dismissed for Failure to Allege Personal Deception.

Juenger's deceptive practices claim should be dismissed, first and foremost, for a basic, indisputable reason: the Illinois Supreme Court has held, repeatedly, that a plaintiff must allege that he or she has been *personally* deceived in order to state the claim, and Juenger makes no such allegations. *See De Bouse v. Bayer*, 235 Ill. 2d 544, 550 (2009) (collecting cases; "[W]e have repeatedly emphasized that in a consumer fraud action, the plaintiff must actually be deceived by a statement or omission. If there has been no communication with the plaintiff, there

have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause."); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (2002) ("[T]o properly plead the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived.").

Juenger's complaint appears to allege that the Red Bud Regional defendants made some misstatements of fact in one of three documents: (1) Red Bud Regional's HIPAA-mandated privacy notice; (2) in a patients rights and responsibilities document; or (3) in the website terms of use. (Dkt. # 1, Compl. ¶ 84.) Yet, nowhere does Juenger allege that he ever saw anyone of these documents, much less that he was personally deceived by any of the alleged deceptive statements contained in these documents. (*Id.*, ¶¶ 91-92.)

Juenger thus has not stated an alleged claim for deceptive practices under the Consumer Fraud Act under blackletter Illinois law. *See Bayer*, 235 Ill. 2d at 550 ("[a] consumer cannot maintain an action under the Illinois Consumer Fraud Act when the plaintiff does not receive, directly or indirectly, communication or advertising from the defendant"); *Oliveira*, 201 Ill. 2d at 155 (affirming dismissal where "plaintiff does not allege that he saw, heard or read any of defendant's ads," and thus also "cannot allege that he believed that he was buying gasoline which benefitted the environment or improved engine performance").

### B. The Illinois Personal Information Protection Act Does Not Apply as a Matter of Law and Juenger Has Not Alleged Actual, Pecuniary Loss.

Juenger's unfair acts or practices claim under the Illinois Consumer Fraud Act should in turn be dismissed for two separate reasons. ***First***, the claim is based on Red Bud Regional's alleged violation of the Illinois Personal Information Protection Act, and that statute does not apply under its own terms. To the contrary, the term "personal information" is a defined term in the statute, *see* 815 ILCS § 530/5 (Definitions), with a very specific meaning:

(1) "***an individual's first name or first initial and last name*** *in combination with* any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted or are encrypted or redacted but the keys to unencrypt or unredact or otherwise read the name or data elements have been acquired without authorization through the breach of security:

(A) Social Security number.

(B) Driver's license number and State identification card number.

(C) Account number or credit or debit card number, or an account number or credit card number in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(D) Medical information.

(E) Health insurance information.

(F) Unique biometric data generated from measurements or technical analysis of human body characteristics used by the owner or license to authenticate an individual, such as fingerprint, retina or iris image, or other unique physical representation or digital representation of biometric data.

(2) ***User name or email address,*** *in combination with* a password or security question and answer that would permit access to an online account, when either the user name or email address or password or security question and answer are not encrypted or redacted or are encrypted or redacted but the keys to unencrypt or unredact or otherwise read the data elements have been obtained through the breach of security."

815 ILCS 815 § 530/5.

Thus, the statute on its face is designed to protect a different type of information than what is at issue here through alleged disclosures of internet browsing information. In fact, the overarching purpose of the statute is data breach notification of security system breaches to Illinois consumers and the Illinois Attorney General: "Any data collector that owns or licenses personal information concerning an Illinois resident shall notify the resident at no charge that there has been a breach of the security of the system data following discovery or notification of the breach." 815 ILCS § 10 (Notice of breach; notice to Attorney General).

***Second***, Juenger's unfair acts or practices claim—indeed, the entirety of Juenger's Consumer Fraud Act claim under both prongs of the statute—should also be dismissed for failure to allege actual damages. As the Illinois Supreme Court held on this point: "Unlike an action brought by the Attorney General under section 2, which does not require that 'any person has in fact been misled, deceived or damaged,' (815 ILCS 505/2 (West 1996)), a private cause of action under section 10(a) requires proof of 'actual damage' (815 ILCS 505/10a(a))." *Oliviera*, 201 Ill.2d at 149.

This actual damages requirement under the Consumer Fraud Act in turn has a specific meaning: "actual pecuniary loss." *See Washington v. Hyatt Hotels Corp.*, 2020 WL 3058118, at *7 ("[u]nder the ICFA, a plaintiff must plead actual pecuniary loss"); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647 (7th Cir. 2019) (same; "must plausibly plead that the deceptive or unfair act caused her to suffer actual damages, meaning pecuniary loss"); *see also Khorloo v. John C. Heath Attorney at Law, PLLC*, 2020 WL 1530735, at *2 (N.D. Ill. Mar. 31, 2020) (same, quoting *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)).

Juenger cannot meet this requirement here. Red Bud Regional's "web properties" are free for any member of the public to use, whether for an actual Red Bud Regional patient or simply

for a student conducting research for a term paper. There is no exchange of financial renumeration that takes place in order to use the site. The only actual loss that Juenger claims to have suffered anywhere in his complaint is for an alleged loss of privacy, which is not actionable under the statute. *See Khorloo*, 2020 WL 1530735, at *2 (rejecting Consumer Fraud Act claim based on alleged loss of privacy; "It seems unlikely that the statute allows plaintiffs to recover damages for privacy violations because the ICFA is concerned with fraudulent or unfair advertising, not with individual privacy rights."); *Kurowski*, 659 F. Supp. 3d at 941 (same).

## CONCLUSION

For the foregoing reasons, as well as those stated in the companion *Doe* case, the Court should dismiss Juenger's complaint with prejudice under Rule 12(b)(6).

Dated: December 23, 2024

Respectfully submitted,

**DEFENDANTS DEACONESS HEALTH SYSTEM, INC. AND DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC.**

By: /s/ *Paul G. Karlsgodt*

Paul G. Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
(303) 764-4013
pkarlsgodt@bakerlaw.com

David Carney (*application to Southern District of Illinois forthcoming)*
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 861-7634
dcarney@bakerlaw.com

*Counsel for the Deaconess Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 23, 2024, a true and correct copy of the foregoing *Memorandum in Support of Rule 12(b)(6) Motion to Dismiss* was served on counsel of record via the Court's electronic filing system.

*/s/ Paul G. Karlsgodt*
*One of the attorneys for defendants Deaconess Health System, Inc. and Deaconess Illinois Red Bud Regional Hospital, Inc.*