**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS – EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOEL JUENGER, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 3:24-cv-02332-NJR |
| v. | ) | The Honorable Nancy J. Rosenstengel, Judge |
| DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL, | ) | |
| Defendants. | ) | |

**REPLY BRIEF SUPPORT OF THE DEACONESS DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

The Deaconess Red Bud Regional defendants respectfully submit the following reply brief in support of their Rule 12(b)(6) motion to dismiss pursuant to S.D. Ill. L.R. 7.1(b)(1)(B) and this Court's Case Management Procedures (*see id.* at pg. 7 of 20):

As with plaintiff Jane Doe's opposition brief in the Union County Hospital case, plaintiff Joel Juenger also relies on an alleged strength in case law numbers, rather than on an analysis of these precedents. (*See* Dkt. # 22-1, *Exhibit A*.) There is reason for this: the cases that have been decided under Illinois law on the two additional claims at issue in this case have all held they fail to state a claim on the merits. *E.g., Kurowski v. Rush System for Health (Rush I)*, 659 F. Supp. 3d 931, 940-42 (N.D. Ill. 2023) (implied duty and Consumer Fraud Act); *Kurowski v. Rush System for Health (Rush II)*, 683 F. Supp. 3d 836, 844-46 (N.D. Ill. 2023) (same); *A.D. v. Aspen Dental Mang't, Inc.*, 2024 WL 4119153, at *7-8 (N.D. Ill. Sept. 9, 2024) (Consumer Fraud Act).

Juenger's arguments against these results should be rejected, as set forth below:

*1. Implied duty of confidentiality (Count VI, Dkt. # 1, Compl. ¶¶ 277-287.).*

The parties agree the Appellate Court recognized the potential validity of an implied duty of confidentiality claim under a contract-based theory in *Geisberger v. Willuhn*, 72 Ill. App. 3d 435, 438-39 (2d Dist. 1979). (Dkt. # 20, *Mem. in Supp.* at pgs. 3-4; Dkt. # 22, *Resp. Br.* at pg. 7.)

Juenger argues the scope of this claim is not limited to Illinois's statutory physician patient privilege. (Dkt. # 22, *Resp. Br.* at pg. 7.) To the contrary, Juenger argues the Court should also extend the claim to include alleged violations of the Illinois Medical Patient Rights Act and the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA). (*Id.*)

The Appellate Court's decision in *Geisberger* does not support this argument. The case, which was decided 17 years before HIPAA was enacted, only mentions one Illinois statute in the opinion—the statutory physician-patient privilege. *See Geisberger*, 72 Ill. App. 3d at 437 (citing Ill.Rev.Stat.1977, ch. 51, P.1; "Illinois has statutorily protected from disclosure certain information obtained by a physician in his or her professional relationship with a patient.").

Juenger does not explain why the Court should expand the limited *Geisberger* opinion to include alleged violations of the Medical Patient Rights Act or HIPAA, neither of which was in effect at the time *Geisberger* was decided and neither of which provides for a private right of action. *See Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 575-76 (N.D. Ill. 2020), *aff'd on other grounds* 73 F.4th 502, 522-23 (7th Cir. 2023) ("The two statutes relevant to this case—HIPAA and the Illinois Medical Patient Right Act ('MPRA'), 410 ILCS 50/0.01 *et seq.*—do not provide for a private right of action, as Plaintiff acknowledges."); *compare id.* at pgs. 594-95 (concluding "it is unlikely that Illinois would recognize the breach of confidentiality tort"; "[I]t is not our role to break new ground in state law.") (quotation omitted).

Juenger argues "Plaintiff's allegations are not analogous to those made in *Kurowski*." (Dkt. # 22, *Resp. Br.* at pg. 8.) The same basic allegations are at issue in all of these cases, however, including not only these two complaints filed against Union County Hospital and Red Bud Regional Hospital but also the case against Rush University System for Health. *See Rush I*, 659 F. Supp. 3d at 935-36 ("The data Kurowski alleges was transmitted to Facebook, Google, and Bidtellect includes patient IP addresses, patient cookie identifiers, device identifiers, account numbers, URLs, other 'unique identifying numbers, characteristics, or codes,' and browser-fingerprints."); *compare T.D. v. Piedmont Healthcare, Inc.*, 2024 WL 3972984, at *2 (N.D. Ga. Aug. 28, 2024) ("Cases like this have sprouted like weeds in recent years.").

*2. Illinois Consumer Fraud Act (Count VII, Dkt. # 1, Compl. ¶¶ 288-308.).*

The Illinois Supreme Court has required personal deception in order to state a claim under the deceptive acts and practices prong of the Illinois Consumer Fraud Act. *See De Bouse v. Bayer*, 235 Ill. 2d 544, 554-55 (2009); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (2002). To meet this requirement Juenger must allege facts that are exclusively within his own possession, custody and control: How was Juenger allegedly deceived, personally, by any misstatement or omission allegedly made by Red Bud Regional?

Juenger argues in his opposition brief that "[d]iscovery is needed to determine whether and when Plaintiff saw one of the three Privacy Policy documents Defendant promulgates to its patients." (Dkt. # 22, *Resp. Br.* at pg. 9.) This is information exclusively within Juenger's own knowledge, however—which is also why Illinois law holds this is a predicate and substantive element for pleading the claim: "[T]o properly *plead* the element of proximate causation in a private cause of action for deceptive advertising brought under the Act, a plaintiff must allege that he was, in some manner, deceived." *Oliveira*, 201 Ill. 2d at 155 (emphasis added).

Juenger cites *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518, 526 (N.D. Ill. 2011), to argue his deceptive acts or practices claim is adequately pled. (Dkt. # 22, *Resp. Br.* at pg. 10.) The Consumer Fraud Act claim that survived the motion to dismiss in *In re Michaels*, however, was for alleged unfair acts or practices under the statute, not for alleged deception. *See id.* at 526. Judge Kocoras had previously dismissed the deceptive acts or practices claim for failure to allege Michaels engaged in a deceptive practice. *Id.* at 525.

As for Juenger's unfair acts or practices claim in this case, Juenger does not dispute the claim is based on an alleged violation of the Illinois Personal Information Protection Act. (Dkt. # 22, *Resp. Br.* at pg. 10; *see also* Dkt. # 1, *Compl.* ¶¶ 297-304.) Juenger instead argues his Internet browsing information is "clearly 'personal information' as defined in 815 ILCS § 530/5," and further that "Red Bud cannot argue in good faith that it is not." (Dkt. # 22, *Resp. Br.* at pg. 10.)

Juenger makes this argument without analyzing the statute's text. This text requires "*an individual's first name or first initial and last name*" to be at issue, "*in combination with*" certain other data elements, which are listed in the statute, *id.* at (A)-(F). *See* 815 ILCS § 530/5. One of these data elements is "medical information." *Id.* at (E). This does not remove the requirement from the statutory text, however, that this medical information must be released "in combination with" a first name or first initial and last name as a predicate matter for the statute to apply in the first instance. *Senne v. Village of Palatine, Ill.*, 695 F.3d 597, 605 (7th Cir. 2012) ("A basic canon of statutory construction requires us to give meaning to every word of a statute.").

As a final point, Juenger also argues he has adequately alleged actual damages under the statute "because Plaintiff sufficiently alleges that she lost money by paying more for Defendant's services than they were worth[.]" (Dkt. # 22, *Resp. Br.* at pg. 10.) The Seventh Circuit denied even federal standing on this basis in the *Dinerstein* case, holding as follows: "It is wholly

implausible—and Dinerstein alleges nothing to the contrary—that the University charged a discrete 'patient-confidentiality fee.'" 73 F.4th at 517.

This same holding has been applied to alleged website privacy claims for actual damages decided under the Illinois Consumer Fraud Act. *See, e.g.*, *Rush II*, 683 F. Supp. 3d at 845-46 (rejecting argument; "But the Seventh Circuit has repeatedly rejected the benefit of the bargain theory of damages for non-products liability claims such as this one."); *Aspen Dental*, 2024 WL 4119153, at *7-8 (same; "Plaintiffs' benefit of the bargain theory does not plausibly allege a monetary loss for purposes of the ICFA").

**CONCLUSION**

For the reasons stated in Red Bud Regional's opening brief, and in this reply brief, the Court should dismiss plaintiff Juenger's complaint in its entirety under Rule 12(b)(6) for failure to state a claim.

Dated: February 5, 2025

Respectfully submitted,

By: /s/ David Carney
*Counsel for Defendants Deaconess Health System, Inc. and Deaconess Illinois Red Bud Regional Hospital, Inc.*

Paul Karlsgodt
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: (303) 764-4013
pkarlsgodt@bakerlaw.com

David Carney
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 861-7634
dcarney@bakerlaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 5, 2025, a true and correct copy of the foregoing *Reply Brief in Support of Rule 12(b)(6) Motion to Dismiss* was served on counsel of record via the Court's electronic filing system.

*/s/ David Carney*
*Counsel for the Deaconess defendants*