**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOEL JUENGER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff, | ) | |
| v. | ) | Case No. 3:24-cv-02332 |
| DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL,<br><br>Defendants. | ) | |

**REPLY IN SUPPORT OF RED BUD ILLINOIS HOSPITAL COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Red Bud Illinois Hospital Company ("Red Bud Regional" or "RBR") respectfully submits the following Reply in support of its Rule 12(b)(6) motion to dismiss.

**INTRODUCTION**

In his Opposition, Plaintiff incorporates via an Exhibit a host of cases he contends supports denial of RBR's Motion to Dismiss. *See* Dkt. # 31, Exhibit A. However, Plaintiff does not offer ***any*** analysis as to why these cases support his claims. *See Bynum v. City of Oklahoma City*, 204 F. App'x 767, 769 (10th Cir. 2006) (unpublished) (Plaintiffs' conclusory statement of law, followed by three pages of case citations, was not adequate legal argument). In fact, many of these cases actually dismissed the same claims that Plaintiff now brings against RBR. *See, e.g.*, *Kurowski v. Rush Sys. for Health*, 659 F. Supp. 3d 931, 939–940, 943–44 (N.D. Ill. 2023); *Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 848–49 (N.D. Ill. 2023); *A.D. v. Aspen Dental Mgmt., Inc.*, 2024 WL 4119153, at *4, 9 (N.D. Ill. Sept. 9, 2024); *Kurowski v. Rush System for Health*, 2024

WL 3455020, at *7 (N.D. Ill. July 18, 2024); *Smith v. Loyola Univ. Med. Ctr*., 2024 WL 3338941, at *9 (N.D. Ill. July 9, 2024).

Plaintiff's claims should be dismissed for the reasons stated in RBR's Motion to Dismiss, Dkt, # 25, and for the reasons stated below.

**I. Plaintiff's failure to allege damages is fatal to his negligence and contract claims.**

Plaintiff's Opposition fails argue how the threadbare allegations in the Complaint support any cognizable theory of damages. Instead, Plaintiff's Opposition blankly asserts that RBR allegedly disclosed "information concerning [individuals'] status as patients such as patient portal activities." Opp. at 4, 7, 9. But as explained in RBR's Motion, when Plaintiff uses the phrase "patient portal activities," what he means is that an individual visited the website https://redbudregional.com/patient-portal/, a page on RBR's *public* website, which the Complaint inaccurately describes as the log-in page for the patient portal.[1] Compl. ¶¶ 110-12 (alleging "RBR disclosed details about patient activities which disclose patients' status as patients," namely "when a patient opened the patient portal page," identified as https://redbudregional.com/patient-portal/); *id.* at ¶ 11 fn. 16; Dkt. # 25 at 3 fn. 1. As a matter of law, the fact that a website visitor viewed a public webpage, or searched for a medical provider, condition or treatment on a public website, does not constitute PHI. *Am. Hosp. Ass'n v. Becerra*, 2024 WL 3075865, at *7-14 (N.D. Tex. June 20, 2024). *Becerra* determined that *even if* an individual browsing a website is identifiable, "[w]ithout knowing information that's never received—i.e., the visitor's subjective motive—the resulting metadata could never identify that individual's PHI. Simply put, **Identity** (Person A) + **Query** (Condition B) ≠ **IIHI** (Person A has Condition B)." *Id.* at *25 (emphasis in original). In

[1] Plaintiff makes similar claims that RBR disclosed "patient" activity on "the bill pay page." Compl. ¶ 111. However, like the "patient portal page," this "bill pay page" is a page on RBR's public website which provides phone numbers, hours of operation, and an external link to the actual sign-in page for the payment portal. *Id.* ¶ 113.

other words, even if RBR could definitively identify every visitor to its public website, their browsing activity on the public website still would not constitute PHI. *Id.*

Plaintiffs' other theories of damages are similar defective. Opp. at 9-10. Plaintiff offers *nothing* to tether these alleged damages to the allegations in the Complaint, to substantiate his claim that he was actually harmed by these outcomes, or to establish that these purported damages are legally cognizable. *See* Dkt #25 at 5-7; *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 906 (N.D. Ill. 2012) ("The Court finds that Plaintiff has only alleged injury or damages in a most conclusory manner as her complaint lacks any facts about how precisely she was damaged. Accordingly, Plaintiff's damages allegations are insufficient to state a claim for relief."). The Court need go no further to conclude that Plaintiff' negligence and contract claims must be dismissed.

## II. RBR did not commit an interception under the Wiretap Act.

RBR argued that Plaintiff cannot recover under Section 2511 of the Wiretap Act (Count IX) because RBR was a party to the communications at issue, and Plaintiff cannot show that the crime-tort exception to this rule should apply. In response, Plaintiff leans exclusively on his conclusory assertion that RBR violated HIPAA. However, as established above, Plaintiff cannot—as a matter of law—show that RBR violated HIPAA, as the allegations in the Complaint are limited to the alleged disclosure of information from RBR's public webpages, and not any actual PHI subject to the regulations proscribed under HIPAA.

Even disregarding this point, however, the outcome of the crime-tort exception analysis is not determined by whether RBR allegedly violated HIPAA or any other law. *See Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353-54 (7th Cir. 1995). The outcome is determined by RBR's alleged *purpose* in making the interception, and whether this purpose is tortious or criminal. *Id.* If RBR did not have a criminal or tortious *purpose* behind its conduct, then the court is not justified

in invoking the exception purely because Plaintiff alleges that the conduct was unlawful. *See also In re DoubleClick Inc. Privacy Litigation*, 154 F. Supp. 2d 497, 515-19 (S.D.N.Y. 2001) (same).

Here, as pled, RBR's purpose when allegedly intercepting his communications is clear: to engage in digital marketing on the Internet and also analyze the effectiveness of that digital marketing. *See, e.g.*, Compl. ¶¶ 7, 14, 20, 29, 31, 43. Digital marketing, however, is not a crime, even if done with a financial purpose. To the contrary, the United States Supreme Court has constitutionally protected commercial speech. *See Bigelow v. Virginia*, 421 U.S. 809, 825 (1975) (recognizing commercial speech as protected speech); *Va. State Bd. of Pharm. v. Va. Citizens Cons. Council, Inc*., 425 U.S. 748, 765 (1976) ("the free flow of commercial information is indispensable"); *Bates v. State Bar of Az.,* 433 U.S. 350, 376-77 (1977) ("Advertising is the traditional mechanism in a free-market economy for a supplier to inform a potential purchaser of the availability and terms of exchange."). Thus, Plaintiff's own allegations—taken as true—establish at most that RBR acted pursuant to a permissible, commercial purpose.

**III. RBR Is Not an Electronic Communications Service.**

RBR argued that Plaintiffs' Claims X and XI fail because RBR is not an "electronic communication service" provider, as required under both Section 2511(3) of the Wiretap Act, and Section 2702 of the Stored Communications Act. Dkt. #25 at 16-18; 18 U.S.C. § 2511(3)(a)); 18 U.S.C. § 2702(a)(1). Plaintiff retorts that RBR is an electronic communication service provider, because it provides its website to the public. This misstates the law. *In re Michaels Stores Pin Pad Litigation*, 830 F. Supp .2d 518, 523 (N.D.Ill.2011) (collecting cases). Merely providing a website to the public does not render RBR an electronic communication service provider. *Id.* (citations omitted).

In response, Plaintiff cites only to cases that did *not* involve claims under Section 2511(3) or 2702, and which are therefore irrelevant, because they did not require the plaintiff to establish

that the Defendant was an electronic communication service provider. *See* Opp. at 18-19. Plaintiff fails to rebut RBR's argument that Counts X and XI must be dismissed.

## IV. Plaintiff does not have standing under the CFAA.

Plaintiff does not have statutory standing to bring a CFAA private right of action under either of the statute's bases for standing. Dkt. #25 at 18-19. Plaintiff first argues that RBR's alleged disclosures "resulted in numerous losses which aggregate to at least $5,000 in value, including but not limited to monetary damages, loss of privacy, unauthorized disclosure of Private Information, decreased value of Private Information, lost benefit of the bargain, and increased risk of future harm[.]" Opp. at 19. As explained above, these allegations fall far short of establishing a cognizable injury. But even if they were sufficient, the assertion that they amount to anything close to $5,000 is speculative and unsupported; it is a monetary figure that Plaintiff has conjured out of thin air. Dkt. #25 at 5-7; *Heartbilt Homes, Inc. v. Schlicting*, 2009 WL 10859993, at *2 (N.D. Ill. June 10, 2009) (dismissing CFAA claim because Plaintiff's assertion of more than $5,000 in damages "is nothing more than a threadbare recital of an element of the claim").

Plaintiff's assertion of damages is also undercut by the Supreme Court's decision in *Van Buren v. United States,* which Plaintiff fails to address in his Opposition. 593 U.S. 374, 376, 391-92 (2021) (in providing civil recovery for "damage" and "loss," CFAA "focus[es] on technological harms to computer data or systems. Such provisions make sense in a scheme aimed at avoiding the ordinary consequences of hacking but are ill fitted to remediating "misuse" of sensitive information").

Finally, Plaintiff failed to address—and therefore waived—RBR's argument that Plaintiff cannot establish statutory standing to bring a CFAA private right of action based on his assertion of "a threat to public health or safety." Dkt. #25 at 19.

## V. CONCLUSION

The Court should dismiss Plaintiff's complaint with prejudice under Rule 12(b)(6).

Dated: March 12, 2025

Respectfully submitted,

RED BUD ILLINOIS HOSPITAL COMPANY, LLC D/B/A RED BUD REGIONAL HOSPITAL

By: /s/Jad Sheikali
One of Its Attorneys

Jad Sheikali
Jousef M. Shkoukani
**SHOOK, HARDY & BACON LLP**
111 S. Wacker Drive, Ste. 4700
Chicago, IL 60606
312-704-7700
312-558-1195 (fax)
jsheikali@shb.com
jshkoukani@shb.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies and states that on March 12, 2025, he caused the foregoing **REPLY IN SUPPORT OF RED BUD ILLINOIS HOSPITAL COMPANY'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** to be electronically filed with the Clerk of Court via CM/ECF, which will provide notification of such filing to all counsel of record.

/s/Jad Sheikali