**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **JOEL JUENGER, individually, and on behalf of all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:24-cv-2332** |
| | ) | **Judge Nancy J. Rosenstengel** |
| **DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS RED BUD'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Joel Juenger submits this response to the Notice of Supplemental Authority (EFC No. 36) ("Notice") filed by Defendant Red Bud Illinois Hospital Company, LLC d/b/a Red Bud Regional Hospital ("Red Bud" or "Defendant") in support of their Motion to Dismiss. Defendant's Notice cites *Goulart, et al. v. Cape Cod Healthcare Inc.*, No. 25-10445-RGS, 2025 WL 1745732 (D. Mass. June 24, 2025). This case, out of the District of Massachusetts, is not only non-binding, but it is also non-persuasive and distinguishable on the facts.

In *Cape Cod*, the Court reasoned that those plaintiffs failed to allege that the defendant "installed Meta Pixel and software-tracking technology with the 'primary motivation' of knowingly committing a violation of HIPAA or perpetrating a tort," instead alleging only that the defendant "used the trackers for purposes of marketing and advertising." *Id.* at *4. In contrast, Plaintiff here alleged: "Defendants intentionally intercepted the contents of Plaintiff's and Class Members' electronic communications for the purpose of committing a tortious act in violation of

the Constitution or laws of the United States or of any State – namely, invasion of privacy, among others….Defendants' purpose was tortious, criminal and designed to violate federal and state legal provisions, including as described above the following: (i) a knowing intrusion into a private, place, conversation or matter that would be highly offensive to a reasonable person; and (ii) violation of HIPAA, the FTC Act, invading Plaintiff and Class Members' privacy, and in breach of their fiduciary duty of confidentiality." Complaint, DE 1, ¶¶ 346, 351. The Northern District of Illinois has found these allegations sufficient in this exact context: "[a] disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA." *Stein v. Edward-Elmhurst Health*, No. 23-CV-14515, 2025 WL 580556 (N.D. Ill. Feb. 21, 2025). "That's enough to conclude that the crime-tort exception applies." *Id.*

Multiple other Illinois federal courts have found also these allegations sufficient. *See A.D., et al., v. Aspen Dental Management, Inc.*, 2024 WL 4119153, at *9 (N.D.Ill. Sept. 9, 2024); *Smith, et al. v. Loyola University Medical Center*, 2024 WL 3338941, at *18 (N.D. Ill. July 9, 2024); *Hartley v. University Of Chicago Medical Center, et al.*, 2024 WL 1886909, at *7 (N.D. Ill. Apr. 30, 2024); *Kurowski et al. v. Rush*, 2024 WL 3455020, at *21-22 (N.D. Ill. July 18, 2024). That one federal court out of Massachusetts, relying on different factual allegations, dismissed an ECPA claim has no bearing on the allegations here or the case law as already established in Illinois. The Court should decline to consider Defendant's supplemental authority and should deny Defendant's motion to dismiss.

Dated: July 2, 2025

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Andrew E. Mize (*Pro Hac Vice* forthcoming)
Emily E. Schiller (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
amize@stranchlaw.com
eschiller@sctranchlaw.com

Lynn A. Toops (ARDC No. 63337-43)
Amina A. Thomas (*Pro Hac Vice* forthcoming)
Mallory K. Schiller (*Pro Hac Vice* forthcoming)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com
mschiller@cohenandmalad.com

Samuel J. Strauss
Raina Borrelli (*Pro Hac Vice* forthcoming)
STRAUSS BORRELLI PLLC
908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I certify that on July 2, 2025, I filed the foregoing *RESPONSE* TO DEFENDANTS RED BUD'S NOTICE OF SUPPLEMENTAL AUTHORITY with the Court's ECF system. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV