**UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JOEL JUENGER, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL<br><br>Defendants. | Case No. 3:24-cv-02332-NJR<br><br>Hon. Nancy J. Rosenstengel, Judge |

**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendants Deaconess Health System, Inc. and Deaconess Illinois Red Bud Regional Hospital, Inc. (collectively, "Deaconess"), by and through counsel, file the following answer and affirmative defenses to plaintiff Joel Juenger's Class Action Complaint (Complaint). Except as expressly admitted below, Deaconess denies without limitation: (1) every allegation, including those found in the headings and footnotes; (2) every cause of action; and (3) that plaintiff has been harmed in the manners alleged or in any other way. A denial of the allegations contained in a paragraph includes the averments made in all footnotes for the allegation.

Deaconess further states that Deaconess Health System, Inc. and Deaconess Regional Healthcare Services, Inc. acquired Red Bud Illinois Hospital Company, LLC, including its associated web properties, from Quorum Health Corporation effective January 14, 2023. As such, Deaconess answers the Complaint solely in the context of events occurring on or after January 14,

2023. Deaconess lacks information or knowledge sufficient to form a belief as to the truth or falsity of such allegations as they relate to events occurring before January 14, 2023.

Deaconess also notes that several paragraphs have been numbered the same throughout the Complaint whereas other paragraphs have been omitted entirely. Deaconess will note the omitted paragraphs as they fail to appear and identify the duplicative numbered paragraphs by providing the page in the Complaint on which they are found.

Subject to these statements, Deaconess answers the Complaint as follows:

**INTRODUCTION**

1. Deaconess admits only that footnotes one and two cite and/or quote 17 C.F.R. § 248.201(b)(8), 45 C.F.R. § 160.103, 42 U.S.C. § 1320d, and an HHS webpage titled "Summary of the HIPAA Privacy Rule" which plaintiff purports support his allegations. Deaconess states that the contents of these regulations, code, and webpage speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Deaconess admits only that plaintiff selectively quotes the HHS and FTC publication "Re: Use of Online Tracking Technologies" which he purports supports his allegations. Deaconess states that the contents of the publication speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 2.

3. Deaconess acknowledges the importance of physician-patient confidentiality and denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Deaconess denies the allegations contained in paragraph 4 the Complaint.

5. Deaconess admits only that plaintiff cites the webpage for the HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates" which

the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). Deaconess denies the remaining allegations contained in paragraph 5.

6. Deaconess admits only that plaintiff quotes the HHS bulletin titled "HHS Office for Civil Rights Issues Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). Deaconess denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Deaconess admits only that plaintiff quotes the HHS bulletin titled "HHS Office for Civil Rights Issues Bulletin on Requirements under HIPAA for Online Tracking Technologies to Protect the Privacy and Security of Health Information," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). Deaconess denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Deaconess admits only that plaintiff quotes the HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas declared unlawful and vacated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tex. 2024). Deaconess further states footnote 11 constitutes a legal conclusion which requires no response. To the extent a response is required, Deaconess denies the allegations contained therein, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Deaconess admits only that plaintiff selectively quotes the webpage https://redbudregional.com, the contents of which speak for themselves.

10. Deaconess denies the allegations contained in paragraph 10 of the Complaint.

11. Deaconess admits only that plaintiff cites a variety of webpages found on the https://redbudregional.com/ domain, the contents of which speak for themselves.

12. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and therefore denies the same.

13. Deaconess denies the allegations contained in paragraph 13 of the Complaint.

14. Deaconess admits only that plaintiff cites online articles titled "Meta Pixel" and "Conversion Tracking" which he purports support his allegations. Deaconess states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 14 of the Complaint.

15. Deaconess admits only that plaintiff cites online articles titled "Get Started," "Conversion Tracking," and "What are Cookies?" which he purports support his allegations. Deaconess states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 15.

16. Deaconess denies the allegations contained in paragraph 16 of the Complaint.

17. Deaconess admits only that plaintiff cites an online article titled "How to Implement Facebook Conversions API (In Shopify)" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 17.

18. Deaconess admits only that plaintiff cites online articles titled "What is Facebook Conversions API and How to Use It" and "Conversions API" which he purports support

his allegations. Deaconess states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 18 of the Complaint.

19. Deaconess admits only that plaintiff selectively quotes an online article titled "About Conversions API" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 19 of the Complaint.

20. Deaconess denies the allegations contained in paragraph 20 of the Complaint.

21. Deaconess denies the allegations contained in paragraph 21 of the Complaint.

22. Deaconess denies the allegations contained in paragraph 22 of the Complaint.

23. Deaconess denies the allegations contained in paragraph 23 of the Complaint.

24. Deaconess denies the allegations contained in paragraph 24 of the Complaint.

25. Deaconess denies the allegations contained in paragraph 25 of the Complaint.

26. Deaconess denies the allegations contained in paragraph 26 of the Complaint.

27. Deaconess denies the allegations contained in paragraph 27 of the Complaint.

28. Deaconess states that the allegations in paragraph 28 of the Complaint contain legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations contained therein.

29. Deaconess denies the allegations contained in paragraph 29 of the Complaint.

30. Deaconess denies the allegations contained in paragraph 30 of the Complaint.

31. Deaconess denies the allegations contained in paragraph 31 of the Complaint.

32. Deaconess admits that plaintiff seeks to bring the causes of action listed in paragraph 32 of the Complaint and denies the remainder of the allegations contained therein.

## PARTIES

33. Deaconess denies the allegations contained in paragraph 33 of the Complaint.

34. Deaconess admits the allegations contained in paragraph 34 of the Complaint.

35. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 and therefore denies the same.

36. Deaconess admits the allegations contained in paragraph 36 of the Complaint.

## JURISDICTION & VENUE

37. Deaconess admits that the Court has jurisdiction over this case under 28 U.S.C. § 1331, at least so long as the remaining federal claim survives in this case, and denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Deaconess denies the allegations contained in paragraph 38 of the Complaint.

39. Deaconess denies the allegations contained in paragraph 39 of the Complaint.

## FACTUAL ALLEGATIONS

40. In response to paragraph 40, Deaconess admits only that plaintiff selectively quotes the webpage https://redbudregional.com/wp-content/uploads/2025/02/DIL_Red-Bud-Recruitment-Pkg-M3678-1.pdf, the contents of which speak for themselves.

41. Deaconess admits only that plaintiffs cite a publication from the American Hospital Directory titled "Red Bud Regional Hospital", the contents of which speak for themselves.

42. Deaconess admits only that plaintiff cites the webpages https://redbudregional.com/wp-content/uploads/2025/02/DIL_Red-Bud-Recruitment-Pkg-M3678-1.pdf and https://redbudregional.com/services, the contents of which speak for themselves.

43. Deaconess denies the allegations contained in paragraph 43 of the Complaint.

44. Deaconess admits only that plaintiff cites an online article titled "Meta Reports Fourth Quarter and Full Year 2021 Results" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 44.

45. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 and therefore denies the same.

46. Deaconess denies the allegations contained in paragraph 46 of the Complaint.

47. Deaconess admits only that plaintiff cites online articles titled "Specifications for Pixel Standard Events," "Facebook Pixel, Accurate Event Tracking, Advanced," "Best Practices for Facebook Pixel Setup," "App Events API," and "About Standard and Custom Website Events" which he purports support his allegations. Deaconess states that the contents of the articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 47 of the Complaint.

48. Deaconess admits only that plaintiff selectively quotes an online article titled "Retargeting" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 48 of the Complaint.

49. Deaconess denies the allegations contained in paragraph 49 of the Complaint.

50. Deaconess admits only that plaintiff cites an online article titled "Meta Pixel" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 50 of the Complaint.

51. Deaconess admits only that plaintiff selectively quotes an online article titled "About the Meta Pixel" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 51 of the Complaint.

52. Deaconess admits only that plaintiff cites an online article titled "Meta Pixel" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 52 of the Complaint.

53. Deaconess admits only that plaintiff cites an online article titled "About Meta Pixel" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 53 of the Complaint.

54. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 and therefore denies the same.

55. Deaconess admits that web browsers are software applications that can be used for accessing the internet. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55 of the Complaint and therefore denies them.

56. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 and therefore denies the same.

57. Deaconess that HTTP Requests and Responses are used by web browsers. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 and thus denies them.

58. Deaconess admits GET is an HTTP Request method than can be used by web browsers. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and thus denies them.

59. Deaconess that HTTP Requests and Responses are used by web browsers. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 and thus denies them.

60. Deaconess admits that source code is used by websites. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint and thus denies them.

61. Deaconess admits that source code is used by websites. Deaconess otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint and thus denies them.

62. Deaconess denies the allegations contained in paragraph 62 of the Complaint.

63. Deaconess denies the allegations contained in paragraph 63 of the Complaint.

64. Deaconess admits only that plaintiff selectively quotes an online article titled "About Conversions API" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 64 of the Complaint.

65. Deaconess admits only that plaintiff selectively quotes an online article titled "Best Practices for Conversions API" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 65.

66. Deaconess denies the allegations contained in paragraph 66 of the Complaint.

67. Deaconess denies the allegations contained in paragraph 67 of the Complaint.

68. Deaconess denies the allegations contained in paragraph 68 of the Complaint.

69. Deaconess denies the allegations contained in paragraph 69 of the Complaint.

70. Deaconess notes that the Complaint omits paragraphs 70-73 and denies the allegations contained in paragraph 74 of the Complaint.

71. Deaconess admits only that plaintiff selectively quotes an online article titled "Analytics Help, Introduction to Analytics, How Google Analytics Works" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 75 of the Complaint.

72. Deaconess admits only that plaintiff cites an online article titled "A big list of what Google Analytics Can & Cannot Do" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 76 of the Complaint.

73. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 and therefore denies the same.

74. In response to paragraph 78 of the Complaint, Deaconess admits only that plaintiff selectively quotes an online article titled "Introduction to Tag Manager", the contents of which speak for themselves.

75. In response to paragraph 79 of the Complaint, Deaconess admits only that plaintiff selectively quotes an online article titled "Introduction to Tag Manager", the contents of which speak for themselves.

76. Deaconess admits only that plaintiff selectively quotes an online article titled "DoubleClick Digital Marketing" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 80 (pg. 20) of the Complaint.

77. In response to paragraph 81 (pg. 20), Deaconess admits only that plaintiff cites an online article titled "DoubleClick Digital Marketing," the contents of which speak for themselves.

78. Deaconess admits only that plaintiff cites and provides a screenshot of the webpage https://www.nordea.com/en/doubleclick-cookies, the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 82 (pg. 20-21) of the Complaint.

79. Deaconess denies the allegations contained in paragraph 83 (pg. 21) of the Complaint.

80. Deaconess admits only that plaintiff cites and attaches the Joint Notice of Privacy Practices available at https://redbudregional.com/notice-of-privacy-practices/, the Terms of Use available at https://redbudregional.com/terms-and-conditions/, and the Patients Rights and Responsibilities statement previously available at https://redbudregional.com/patients-irghts-responsibilities/. Deaconess states that the contents of these documents and/or statements speak for themselves, denies plaintiffs' characterization of these documents and/or statements, and denies the remaining allegations contained in paragraph 84 (pg. 21-22) of the Complaint.

81. Deaconess admits only that plaintiff selectively quotes the Joint Notice of Privacy Practices available at https://redbudregional.com/notice-of-privacy-practices/, the contents of which speak for themselves. Deaconess denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 85 (pg. 22) of the Complaint.

82. Deaconess admits only that plaintiff selectively quotes the Joint Notice of Privacy Practices available at https://redbudregional.com/notice-of-privacy-practices/, the contents of which speak for themselves. Deaconess denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 86 (pg. 22-24) of the Complaint.

83. Deaconess denies the allegations contained in paragraph 87 (pg. 24) of the Complaint.

84. Deaconess admits only that plaintiff selectively quotes the Joint Notice of Privacy Practices available at https://redbudregional.com/notice-of-privacy-practices/, the contents of which speak for themselves. Deaconess denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 88 (pg. 24) of the Complaint.

85. Deaconess admits only that plaintiff selectively quotes and the Patients Rights and Responsibilities statement previously available at https://redbudregional.com/patients-irghts-responsibilities/, the contents of which speak for themselves. Deaconess denies plaintiffs' characterization of these contents, and denies the remaining allegations contained in paragraph 89 (pg. 25) of the Complaint.

86. For its response to paragraph 90 (pg. 25) Deaconess admits only that plaintiff selectively quotes the Terms of Use available at https://redbudregional.com/terms-and-conditions/, the contents of which speak for themselves.

87. Deaconess denies the allegations contained in paragraph 91 (pg. 25) of the Complaint.

88. Deaconess denies the allegations contained in paragraph 92 (pg. 25) of the Complaint.

89. Deaconess denies the allegations contained in paragraph 93 (pg. 25-26) of the Complaint.

90. Deaconess denies the allegations contained in paragraph 94 (pg. 26) of the Complaint.

91. Deaconess denies the allegations contained in paragraph 95 (pg. 26) of the Complaint.

92. Since the allegations contained in paragraph 96 (pg. 26) of the Complaint concern events occurring prior to January 14, 2023, Deaconess lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

93. Since the allegations contained in paragraph 97 (pg. 26) of the Complaint concern events occurring prior to January 14, 2023, Deaconess lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

94. Since the allegations contained in paragraph 98 (pg. 26-27) of the Complaint concern events occurring prior to January 14, 2023, Deaconess lacks knowledge or information sufficient to form a belief as to their truth or falsity and therefore denies them.

95. Deaconess denies the allegations contained in paragraph 99 (pg. 27) of the Complaint.

96. Deaconess denies the allegations contained in paragraph 100 (pg. 27) of the Complaint.

97. Deaconess denies the allegations contained in paragraph 101 (pg. 27-28) of the Complaint.

98. Deaconess denies the allegations contained in paragraph 102 (pg. 28) of the Complaint.

99. Deaconess denies the allegations contained in paragraph 103 (pg. 28) of the Complaint.

100. Deaconess denies the allegations contained in paragraph 104 (pg. 29) of the Complaint.

101. Deaconess denies the allegations contained in paragraph 105 (pg. 29) of the Complaint.

102. Deaconess denies the allegations contained in paragraph 106 (pg. 29) of the Complaint.

103. Deaconess denies the allegations contained in paragraph 107 (pg. 29) of the Complaint.

104. Deaconess denies the allegations contained in paragraph 108 (pg. 29) of the Complaint.

105. Deaconess denies the allegations contained in paragraph 109 (pg. 29-30) of the Complaint.

106. Deaconess denies the allegations contained in paragraph 110 (pg. 30) of the Complaint.

107. Deaconess denies the allegations contained in paragraph 111(pg. 30) of the Complaint.

108. Deaconess denies the allegations contained in paragraph 112 (pg. 30) of the Complaint.

109. To the extent the allegations contained in paragraph 113 (pg. 31) pertain to events occurring before January 14, 2023, Deaconess lacks knowledge or information sufficient to from a belief as to their truth or falsity and therefore denies them. Deaconess denies the allegations to the extent they pertain to events occurring on or after January 14, 2023.

110. Deaconess notes that the Complaint reverts to Paragraph 80 on page 31. Deaconess denies the allegations contained in paragraph 80 (pg. 31) of the Complaint.

111. Deaconess denies the allegations contained in paragraph 81 (pg. 31-32) of the Complaint.

112. Deaconess denies the allegations contained in paragraph 82 (pg. 32) of the Complaint.

113. Deaconess denies the allegations contained in paragraph 83 (pg. 32) of the Complaint.

114. Deaconess denies the allegations contained in paragraph 84 (pg. 32) of the Complaint.

115. Deaconess denies the allegations contained in paragraph 85 (pg. 32) of the Complaint.

116. Deaconess denies the allegations contained in paragraph 86 (pg. 32-33) of the Complaint.

117. At present, Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 (pg. 33) of the Complaint.

118. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 (pg. 33) of the Complaint.

119. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 (pg. 33) of the Complaint.

120. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 (pg. 33) of the Complaint.

121. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 (pg. 33) of the Complaint.

122. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 (pg. 33) and thus denies the same.

123. Deaconess denies the allegations contained in paragraph 94 (pg. 34) of the Complaint.

124. Deaconess denies the allegations contained in paragraph 95 (pg. 34) of the Complaint.

125. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 (pg. 34) of the Complaint.

126. Deaconess denies the allegations contained in paragraph 97 (pg. 34) of the Complaint.

127. Deaconess denies the allegations contained in paragraph 98 (pg. 34) of the Complaint.

128. Deaconess denies the allegations contained in paragraph 99 (pg. 35-36) of the Complaint.

129. Deaconess admits only that plaintiff cites the article "Facebook Admits Another Blunder with User Data" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 100 (pg. 36) of the Complaint

130. Deaconess admits only that plaintiff selectively quotes "Report on Investigation of Facebook, Inc. Data Privacy Concerns", the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 101 (pg. 36-37) of the Complaint.

131. Deaconess admits only that plaintiff cites the article "Your Health Data Might Be for Sale" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 102 (pg. 37) of the Complaint.

132. Deaconess admits only that plaintiff selectively quotes the article "Facebook Doesn't Know What It Does with Your Data, or Where It Goes: Leaked Document", the contents

of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 103 (pg. 37-38).

133. Deaconess admits only that plaintiff cites selectively quotes the article "Facebook is Receiving Sensitive Medical Information from Hospital Websites", the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 104 (pg. 38) of the Complaint.

134. Deaconess admits only that plaintiff cites the article "Facebook is Receiving Sensitive Medial Information from Hospital Websites" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 105 (pg. 38) of the Complaint.

135. Deaconess admits only that plaintiff cites the article "Facebook is Receiving Sensitive Medial Information from Hospital Websites" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations in paragraph 106 (pg. 38-39) of the Complaint.

136. Deaconess admits only that plaintiff cites selectively quotes the article "Facebook is Receiving Sensitive Medical Information from Hospital Websites", the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 107 (pg. 39) of the Complaint.

137. Deaconess states that the allegations contained in paragraph 108 (pg. 39) of the Complaint are legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations contained therein.

138. Deaconess admits only that plaintiff cites the publication "Covered Entities and Business Associates" which he purports supports his allegations. Deaconess states that the contents of the publication speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 109 (pg. 39).

139. Deaconess admits only that plaintiff cites the article "Is Facebook HIPAA complaint? (Update 2024)" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 110 (pg. 39).

140. Deaconess denies the allegations contained in paragraph 111 (pg. 39) of the Complaint.

141. For its response to paragraph 112 (pg. 39-40) of the Complaint, Deaconess admits only that plaintiff selectively quotes the HHS publication titled "Guidance Regarding Methods for De-identification of Protected Health Information in Accordance with the Health Insurance Portability and Account Act", the contents of which speak for themselves.

142. For its response to paragraph 113 (pg. 40), Deaconess admits only that plaintiff selectively quotes the HHS publication titled "Marketing", the contents of which speak for themselves.

143. Deaconess admits only that plaintiff cites the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 114 of the Complaint.

144. Deaconess admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and

Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 115 of the Complaint.

145. Deaconess admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 116 of the Complaint.

146. Deaconess denies the allegations contained in paragraph 117 of the Complaint.

147. Deaconess admits only that plaintiff cites selectively quotes the FTC publication "Re: Use of Online Tracking Technologies", the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 118 of the Complaint.

148. Deaconess admits only that plaintiff cites selectively quotes the FTC publication "FTC and HHS Warn Hospital Systems and Telehealth Providers about Privacy and Security Risks from Online Tracking Technologies", the contents of which speak for themselves. Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 119 of the Complaint.

149. Deaconess admits only that plaintiff cites selectively quotes the FTC publication "FTC and HHS Warn Hospital Systems and Telehealth Providers about Privacy and Security Risks from Online Tracking Technologies", the contents of which speak for themselves.

Deaconess denies plaintiff's characterization of these contents and denies the remaining allegations contained in paragraph 120 of the Complaint.

150. Deaconess states that some of the allegations contained in paragraph 121 of the Complaint contain legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations contained therein. Also, Deaconess admits only that plaintiff selectively quotes the FTC publication titled "Statement of the Commission: On Breaches by Health Apps and Other Connected Devices," the contents of which speak for themselves. Deaconess denies the characterization of these contents and denies the remaining allegations contained in paragraph 121 of the Complaint.

151. Deaconess admits only that plaintiff selectively quotes and/or cites 15 U.S.C. § 45(a) and various legal opinions which he purports support his allegations. Deaconess states that the contents of 15 U.S.C. § 45(a) and the various legal opinions speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 122 of the Complaint.

152. Deaconess denies the allegations contained in paragraph 123 of the Complaint.

153. Deaconess admits only that plaintiff cites the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 124 of the Complaint.

154. Deaconess admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and

Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 125 of the Complaint.

155. Deaconess admits only that plaintiff selectively quotes the Office of Civil Rights at HHS bulletin titled "Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates," which the United States District Court for the Northern District of Texas held should be invalidated, at least in part. *See Am. Hosp. Assn. v. Becerra*, 738 F.Supp.3d 780 (N.D. Tx. June 20, 2024). Deaconess denies the remaining allegations contained in paragraph 126 of the Complaint.

156. Deaconess acknowledges the importance of doctor-patient confidentiality and denies the remaining allegations contained in paragraph 127 of the Complaint.

157. For its response to paragraph 128 of the Complaint, Deaconess states that the American Medical Association's Code of Medical Ethics speaks for themselves.

158. In response to paragraph 129, Deaconess admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.1.1, the contents of which speak for themselves.

159. In response to paragraph 130, Deaconess admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.2.4, the contents of which speak for themselves.

160. In response to paragraph 131, Deaconess admits only that plaintiff quotes select portions of the AMA's Code of Ethics Opinion 3.3.2, the contents of which speak for themselves.

161. Deaconess notes that the Complaint omits paragraphs 132-170 and states that the allegations in paragraph 171 contain legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations therein.

162. For its response to paragraph 172 of the Complaint, Deaconess admits only that plaintiff quotes 410 Ill. Comp. Stat. 50/3(d), the contents of which speak for themselves.

163. Deaconess states that the allegations in paragraph 173 of the Complaint contain legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations therein.

164. Deaconess states that the allegations in paragraph 174 of the Complaint contain legal conclusions which require no response. To the extent a response is required, Deaconess denies the allegations therein.

165. For its response to paragraph 175 of the Complaint, Deaconess admits only that plaintiff quotes 815 Ill. Comp. Stat. 530/459(a), the contents of which speak for themselves.

166. Deaconess denies the allegations contained in paragraph 176 of the Complaint.

167. Deaconess denies the allegations contained in paragraph 177 of the Complaint.

168. Deaconess denies the allegations contained in paragraph 178 of the Complaint.

169. Deaconess denies the allegations contained in paragraph 179 of the Complaint.

170. Deaconess admits that IP addresses allow information to be sent between devices on the internet but is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 180 and therefore denies them.

171. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 and therefore denies the same.

172. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 and therefore denies the same.

173. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 and therefore denies the same.

174. Deaconess denies the allegations contained in paragraph 184 of the Complaint.

175. Deaconess denies the allegations contained in paragraph 185 of the Complaint.

176. Deaconess denies the allegations contained in paragraph 186 of the Complaint.

177. Deaconess denies the allegations contained in paragraph 187 of the Complaint.

178. Deaconess denies the allegations contained in paragraph 188 of the Complaint.

179. Deaconess denies the allegations contained in paragraph 189 of the Complaint.

180. Deaconess denies the allegations contained in paragraph 190 of the Complaint.

181. Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 and therefore denies the same.

182. Deaconess admits only that plaintiff selectively quotes the articles "Audience Ad Targeting" and "How to Create a Lookalike Audience on Meta Ads Manager" which he purports support his allegations. Deaconess states that the contents of these articles speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 192 of the Complaint.

183. Deaconess states that the Complaint fails to define "KSB", so Deaconess lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193. Deaconess otherwise denies the allegations contained therein.

184. Deaconess denies the allegations contained in paragraph 194 of the Complaint.

185. Deaconess admits only that plaintiff cites the article "Here's How Big Facebook's Ad Business Really Is" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 195.

186. Deaconess denies the allegations contained in paragraph 196 of the Complaint.

187. Deaconess admits only that plaintiff cites the article "How Your Medical Data Fuels a Hidden Multi-Billion Dollar Industry" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations of paragraph 197.

188. Deaconess admits only that plaintiff selectively quotes the article "Hospital Execs Say They are Getting Flooded with Requests for Your Health Data" which he purports supports his allegations. Deaconess states that the contents of the article speak for themselves, denies plaintiff's characterization of these contents, and denies the remaining allegations contained in paragraph 198 of the Complaint.

**TOLLING, CONCEALMENT, AND ESTOPPEL**

189. Deaconess denies the allegations contained in paragraph 199 of the Complaint.

190. Deaconess denies the allegations contained in paragraph 200 of the Complaint.

191. Deaconess denies the allegations contained in paragraph 201 of the Complaint.

192. Deaconess denies the allegations contained in paragraph 202 of the Complaint.

**CLASS ACTION ALLEGATIONS**

193. Deaconess admits that plaintiff purports to bring this action on behalf of herself and on behalf of the proposed classes defined in paragraphs 204 and 205 of the Complaint. Deaconess denies that this case can be maintained as a class action and denies the remaining allegations contained in paragraph 203 of the Complaint.

194. Deaconess admits that plaintiff purports to bring this class on behalf of the class defined in paragraph 204 of the Complaint. Deaconess denies that this case can be maintained as a class action regardless of how the purported class is defined.

195. Deaconess admits that plaintiff purports to bring this class on behalf of the class defined in paragraph 205 of the Complaint. Deaconess denies that this case can be maintained as a class action regardless of how the purported class is defined.

196. Deaconess admits that plaintiff collectively refers to the purported classes defined in paragraphs 204 and 205 of the complaint as "the Class."

197. Deaconess denies that this case can be maintained as a class action regardless of how the purported class is defined.

198. Deaconess denies the allegations contained in paragraph 208 of the Complaint.

199. Deaconess denies the allegations contained in paragraph 209 of the Complaint.

200. Deaconess denies the allegations contained in paragraph 210 of the Complaint.

201. Deaconess denies the allegations contained in paragraph 211 of the Complaint.

202. Deaconess denies the allegations contained in paragraph 212 of the Complaint.

203. Deaconess denies the allegations contained in paragraph 213 of the Complaint.

204. Deaconess denies the allegations contained in paragraph 214 of the Complaint.

205. Deaconess denies the allegations contained in paragraph 215 of the Complaint.

206. Deaconess denies the allegations contained in paragraph 216 of the Complaint.

207. Deaconess denies the allegations contained in paragraph 217 of the Complaint.

208. Deaconess denies the allegations contained in paragraph 218 of the Complaint.

209. Deaconess denies the allegations contained in paragraph 219 of the Complaint.

210. Deaconess denies the allegations contained in paragraph 220 of the Complaint.

211. Deaconess denies the allegations contained in paragraph 221 of the Complaint.

212. Deaconess denies the allegations contained in paragraph 222 of the Complaint

213. Deaconess denies the allegations contained in paragraph 223 of the Complaint.

**COUNT I**

214. Deaconess restates and incorporates the responses to the paragraphs above as if fully set forth herein.

215. Deaconess denies the allegations contained in paragraph 225 of the Complaint.

216. Deaconess denies the allegations contained in paragraph 226 of the Complaint.

217. Deaconess denies the allegations contained in paragraph 227 of the Complaint.

218. Deaconess denies the allegations contained in paragraph 228 of the Complaint.

219. Deaconess denies the allegations contained in paragraph 229 of the Complaint.

220. Deaconess denies the allegations contained in paragraph 230 of the Complaint.

221. Deaconess denies the allegations contained in paragraph 231 of the Complaint.

222. Deaconess denies the allegations contained in paragraph 232 of the Complaint.

**COUNT II**

223. Deaconess notes that paragraph 233 of the Complaint likely belongs to Count I and nevertheless denies the allegations contained therein under both Count I and Count II.

224. Deaconess restates and incorporates the responses to the paragraphs 1 through 233 above, including those with duplicative numbering, as if fully set forth herein.

225. In response to paragraph 235 of the Complaint, Deaconess admits that plaintiff's negligence *per se* claim is brought in the alternative of his negligence claim.

226. Deaconess denies the allegations contained in paragraph 236 of the Complaint.

227. Deaconess states that the allegations in paragraph 237 are legal conclusions requiring no response. To the extent a response is required, Deaconess denies the allegations therein.

228. Deaconess denies the allegations contained in paragraph 238 of the Complaint.

229. Deaconess denies the allegations contained in paragraph 239 of the Complaint.

230. Deaconess denies the allegations contained in paragraph 240 of the Complaint.

231. Deaconess denies the allegations contained in paragraph 241 of the Complaint.

232. Deaconess denies the allegations contained in paragraph 242 of the Complaint.

233. Deaconess denies the allegations contained in paragraph 243 of the Complaint.

234. Deaconess denies the allegations contained in paragraph 244 of the Complaint.

235. Deaconess denies the allegations contained in paragraph 245 of the Complaint.

**COUNT III**

236. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 246 of the Complaint is required.

237. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 247 of the Complaint is required.

238. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 248 of the Complaint is required.

239. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 249 of the Complaint is required.

240. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 250 of the Complaint is required.

241. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 251 of the Complaint is required.

242. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 252 of the Complaint is required.

243. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 253 of the Complaint is required.

244. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 254 of the Complaint is required.

245. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 255 of the Complaint is required.

246. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 256 of the Complaint is required.

247. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count III of the Complaint is dismissed so no response to paragraph 257 of the Complaint is required.

**COUNT IV**

248. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 258 of the Complaint is required.

249. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 259 of the Complaint is required.

250. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 260 of the Complaint is required.

251. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 261 of the Complaint is required.

252. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 262 of the Complaint is required.

253. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 263 of the Complaint is required.

254. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 264 of the Complaint is required.

255. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 265 of the Complaint is required.

256. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 266 of the Complaint is required.

257. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 267 of the Complaint is required.

258. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count IV of the Complaint is dismissed so no response to paragraph 268 of the Complaint is required.

**COUNT V**

259. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 269 of the Complaint is required.

260. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 270 of the Complaint is required.

261. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 271 of the Complaint is required.

262. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 272 of the Complaint is required.

263. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 273 of the Complaint is required.

264. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 274 of the Complaint is required.

265. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 275 of the Complaint is required.

266. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count V of the Complaint is dismissed so no response to paragraph 276 of the Complaint is required.

**COUNT VI**

267. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 277 of the Complaint is required.

268. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 278 of the Complaint is required.

269. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 279 of the Complaint is required.

270. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 280 of the Complaint is required.

271. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 281 of the Complaint is required.

272. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 282 of the Complaint is required.

273. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 283 of the Complaint is required.

274. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 284 of the Complaint is required.

275. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 285 of the Complaint is required.

276. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 286 of the Complaint is required.

277. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VI of the Complaint is dismissed so no response to paragraph 287 of the Complaint is required.

**COUNT VII**

278. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 288 of the Complaint is required.

279. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 289 of the Complaint is required.

280. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 290 of the Complaint is required.

281. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 291 of the Complaint is required.

282. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 292 of the Complaint is required.

283. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 293 of the Complaint is required.

284. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 294 of the Complaint is required.

285. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 295 of the Complaint is required.

286. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 296 of the Complaint is required.

287. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 297 of the Complaint is required.

288. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 298 of the Complaint is required.

289. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 299 of the Complaint is required.

290. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 300 of the Complaint is required.

291. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 301 of the Complaint is required.

292. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 302 of the Complaint is required.

293. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 303 of the Complaint is required.

294. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 304 of the Complaint is required.

295. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 305 of the Complaint is required.

296. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 306 of the Complaint is required.

297. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 307 of the Complaint is required.

298. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count VII of the Complaint is dismissed so no response to paragraph 308 of the Complaint is required.

## COUNT VIII

299. Deaconess restates and incorporates the responses to the paragraphs 1 through 308 above, including those with duplicative numbering, as if fully set forth herein.

300. In response to paragraph 310, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-2(a)(4), the contents of which speak for themselves.

301. In response to paragraph 311, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-2(a)(4), the contents of which speak for themselves.

302. In response to paragraph 312, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-1(a), the contents of which speak for themselves.

303. In response to paragraph 313, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-1(g), the contents of which speak for themselves.

304. In response to paragraph 314, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-1(e), the contents of which speak for themselves.

305. In response to paragraph 315, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-1(e), the contents of which speak for themselves.

306. Deaconess denies the allegations contained in paragraph 316 of the Complaint.

307. Deaconess denies the allegations contained in paragraph 317 of the Complaint.

308. Deaconess denies the allegations contained in paragraph 318 of the Complaint.

309. Deaconess denies the allegations contained in paragraph 319 of the Complaint.

310. Deaconess denies the allegations contained in paragraph 320 of the Complaint.

311. Deaconess denies the allegations contained in paragraph 321 of the Complaint.

312. Deaconess denies the allegations contained in paragraph 322 of the Complaint.

313. Deaconess denies the allegations contained in paragraph 323 of the Complaint.

314. Deaconess denies the allegations contained in paragraph 324 of the Complaint.

315. In response to paragraph 324, Deaconess admits only that plaintiff selectively quotes 720 Ill. Comp. Stat. 5/14-6, the contents of which speak for themselves.

316. Deaconess denies the allegations contained in paragraph 326 of the Complaint.

317. Deaconess denies the allegations contained in paragraph 327 of the Complaint.

318. Deaconess denies the allegations contained in paragraph 328 of the Complaint.

319. Deaconess denies the allegations contained in paragraph 329 of the Complaint.

320. Deaconess denies the allegations contained in paragraph 330 of the Complaint.

321. Deaconess denies the allegations contained in paragraph 331 of the Complaint.

322. In response to paragraph 332, Deaconess denies that plaintiff is entitled to any relief.

**COUNT IX**

323. Deaconess restates and incorporates the responses to the paragraphs 1 through 332 above, including those with duplicative numbering, as if fully set forth herein.

324. Deaconess states that the allegations in paragraph 334 are legal conclusions requiring no response. To the extent a response is required, Deaconess denies the allegations therein.

325. Deaconess states that the allegations in paragraph 335 are legal conclusions requiring no response. To the extent a response is required, Deaconess denies the allegations therein.

326. Deaconess states that the allegations in paragraph 336 are legal conclusions requiring no response. To the extent a response is required, Deaconess denies the allegations therein.

327. In response to paragraph 337, Deaconess admits only that plaintiff selectively quotes 18 U.S.C. § 2510(8), the contents of which speak for themselves.

328. In response to paragraph 338, Deaconess admits only that plaintiff selectively quotes 18 U.S.C. § 2510(4), (8), the contents of which speak for themselves.

329. In response to paragraph 339, Deaconess admits only that plaintiff selectively quotes 18 U.S.C. § 2510(5), the contents of which speak for themselves.

330. Deaconess denies the allegations contained in paragraph 340 of the Complaint.

331. Deaconess denies the allegations contained in paragraph 341 of the Complaint.

332. Deaconess denies the allegations contained in paragraph 342 of the Complaint.

333. Deaconess denies the allegations contained in paragraph 343 of the Complaint.

334. Deaconess denies the allegations contained in paragraph 344 of the Complaint.

335. Deaconess denies the allegations contained in paragraph 345 of the Complaint.

336. Deaconess denies the allegations contained in paragraph 346 of the Complaint.

337. Deaconess denies the allegations contained in paragraph 347 of the Complaint.

338. Deaconess denies the allegations contained in paragraph 348 of the Complaint.

339. Deaconess denies the allegations contained in paragraph 349 of the Complaint.

340. Deaconess denies the allegations contained in paragraph 350 of the Complaint.

341. Deaconess denies the allegations contained in paragraph 351 of the Complaint.

**COUNT X**

342. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 352 of the Complaint is required.

343. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 353 of the Complaint is required.

344. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 354 of the Complaint is required.

345. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 355 of the Complaint is required.

346. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 356 of the Complaint is required.

347. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 357 of the Complaint is required.

348. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 358 of the Complaint is required.

349. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 359 of the Complaint is required.

350. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 360 of the Complaint is required.

351. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 361 of the Complaint is required.

352. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 362 of the Complaint is required.

353. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 363 of the Complaint is required.

354. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count X of the Complaint is dismissed so no response to paragraph 364 of the Complaint is required.

**COUNT XI**

355. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 365 of the Complaint is required.

356. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 366 of the Complaint is required.

357. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 367 of the Complaint is required.

358. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 368 of the Complaint is required.

359. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 369 of the Complaint is required.

360. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 370 of the Complaint is required.

361. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 371 of the Complaint is required.

362. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 372 of the Complaint is required.

363. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 373 of the Complaint is required.

364. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 374 of the Complaint is required.

365. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 375 of the Complaint is required.

366. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 376 of the Complaint is required.

367. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 377 of the Complaint is required.

368. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 378 of the Complaint is required.

369. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 379 of the Complaint is required.

370. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 380 of the Complaint is required.

371. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XI of the Complaint is dismissed so no response to paragraph 381 of the Complaint is required.

**COUNT XII**

372. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 382 of the Complaint is required.

373. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 383 of the Complaint is required.

374. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 384 of the Complaint is required.

375. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 385 of the Complaint is required.

376. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 386 of the Complaint is required.

377. Pursuant to the Court's Order dated September 30, 2025 (Dkt. No. 40), Count XII of the Complaint is dismissed so no response to paragraph 387 of the Complaint is required.

## PRAYER FOR RELIEF

Deaconess denies that plaintiff is entitled to any of the relief he seeks in his Prayer for Relief and denies the assertions and allegations contained therein.

## DEMAND FOR JURY TRIAL

Deaconess demands a trial by jury on plaintiff's four remaining claims as a matter of right.

## GENERAL DEFENSE

Deaconess denies each allegation in the Complaint not admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's remaining claims fail to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, including for the following reasons: for failing to meet the basic statutory elements of their 18 U.S.C. § 2511(1) count; for failing to establish Deaconess had a criminal or tortious purpose in implementing tracking technologies; for the fact that Deaconess used the alleged tracking technologies in the ordinary course of its business; for failing to meet the basic statutory elements of their 720 Ill. Comp. Stat. 5/14-2(a) count; for failing to establish that any oral communications were at issue; for failing to establish that Deaconess was not a party to any of the electronic communications at issue; and for failing to establish that Deaconess owed or breached any duty to exercise reasonable care or duty to protect the confidentiality of plaintiff's communications.

2. The Court lacks federal jurisdiction over plaintiff's state law claims and those of the putative class members under the Class Action Fairness Act (CAFA), as the local controversy and home state exception to CAFA jurisdiction apply.

3. Plaintiff's claims and those of the putative class members fail for lack of standing in that plaintiff has not alleged, and will not be able to show, an actual, cognizable injury in fact fairly traceable to Deaconess's alleged misconduct.

4. Plaintiff's claims and those of the putative class members are barred, either in whole or in part, by the doctrine of consent and/or implied consent in that their agreement with third-parties, including but not limited to Google and/or Facebook, as well as with Deaconess, expressly contemplated the disclosures alleged in the Complaint, which are also a routine part and component of the operation of the Internet.

5. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrines of superseding and proximate cause as their alleged damages, to the extent that any such damages occurred, were in fact caused by third parties not presently before the Court.

6. Plaintiff's claims and those of the putative class members may be barred, either in whole or in part, for failing to join any and all necessary and indispensable parties to this action, and for failing to sue the real party in interest to their claims, including in particular with respect to defendant Deaconess Health, Inc.

7. Plaintiff's claims and those of the putative class members are barred or reduced, either in whole or in part, because they pertain to conduct that occurred before Deaconess assumed control of Red Bud Regional Hospital and its website from Quorum Health LLC on January 14, 2023.

8. Plaintiff's claims and those of the putative class members are barred or reduced by their failure to mitigate damages as they control the extent to which the information allegedly disclosed is actually disclosed to third parties.

9. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the doctrine of assumption of risk.

10. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Deaconess acted at all times in good faith and in compliance with the applicable statues and/or regulations which negates any potential *mens rea* showing required for plaintiff's 18 U.S.C. § 2511(1) claim.

11. Plaintiff's claims, either in whole or in part, and the claims of the absent putative class members, including their right to assert such claims as a class action, are or may be barred by arbitration and/or class waiver provisions pertaining to their use of Deaconess's web properties, including but not limited to https://www.redbudregional.com/, the Health Record Home patient portal, the Athena Deaconess Health System patient portal, and the RevSpring, Inc. bill pay feature.

12. Plaintiff's claims and those of the putative class members are barred, in whole or in part, by the First Amended to the United States Constitution which applies through judicial power in civil litigation and expressly provides that no law shall abridge the freedom of speech.

13. The imposition of aggregated, class-wide damages in this case would be excessive and violate Deaconess's due process constitutional rights.

14. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Rule 23. Specifically, plaintiff is not an adequate representative of the purported class; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is

neither manageable nor superior; and there is no ascertainable class with a community of interest.

15. Plaintiff's claims and those of the putative class members are barred, in whole or in part, including with respect to class relief, by the doctrines of waiver, estoppel, and release, depending upon the facts determined in discovery as to their own particular claims, including with respect to any agreements they may have signed with Deaconess, its affiliates, or any other third-party relating to their claims.

16. Plaintiff's claims and those of the putative class members must be reduced, in whole or in part, by an appropriate set off to the extent that plaintiff or the putative class members owe any amounts to Deaconess or its affiliates.

17. Plaintiff and the putative class members have suffered no actual injury or legally cognizable damages, and their purported damages, if any, are speculative and uncertain and therefore non-compensable.

18. Plaintiff's claims and those of the putative class members are barred because they are based on conduct that occurred, if at all, outside the statute of limitations period for their claims as there has been no tolling of the relevant limitations period.

**RESERVATION OF RIGHTS**

Deaconess states that both the lack of discovery as well as the aggregated nature of plaintiff's claims, particularly with respect to the absent putative class members, make an analysis of all potential affirmative defenses impossible at this time. Therefore, Deaconess expressly reserves the right to assert additional affirmative defenses as this case progresses.

Date: October 28, 2025

Respectfully submitted:

By: */s/ David Carney*

Paul G. Karlsgodt

David Carney

BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel. (303) 861-0600
pkarlsgodt@bakerlaw.com

BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel. (216) 621-0200
dcarney@bakerlaw.com

*Counsel for Defendants Deaconess Health System, Inc.
and Deaconess Illinois Red Bud Regional Hospital, Inc.*

**CERTIFICATE OF SERVICES**

The undersigned certifies that on October 28, 2025, the foregoing *Answer and Affirmative Defenses to Class Action Complaint* was electronically filed with the Clerk of Court via CM/ECF, which will provide notification of such filing to all counsel of record.

*/s/ David Carney*
*Counsel for Defendants*
*Deaconess Health System, Inc. and*
*Deaconess Illinois Red Bud Regional Hospital, Inc.*