IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL JUENGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEACONESS HEALTH SYSTEM, INC., DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC., and RED BUD ILLINOIS HOSPITAL COMPANY, LLC,<br><br>Defendants. | Case No. 3:24-CV-2332-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On September 30, 2025, this Court granted in part and denied in part the Motion to Dismiss Plaintiff's Complaint filed by Defendants, Deaconess Health System, Inc., Deaconess Illinois Red Bud Regional Hospital, Inc., and Red Bud Illinois Hospital Company, LLC (collectively, "Defendants"). (Doc. 40). The Court allowed Plaintiff, Joel Juenger, to proceed on four of the 12 claims he had asserted, namely negligence (Count I), negligence *per se* (Count II), violation of the Illinois Eavesdropping Statute ("IES"), 720 ILCS 5/14, *et seq.* (Count VIII), and violation of the Electronic Communications Privacy Act (the "Wiretap Act"), 18 U.S.C. §§ 2511(1), *et seq.* (Count IX). The Court now reconsiders this ruling, *sua sponte*, as to Count VIII.[1]

---

[1] The Court presumes the parties' familiarity with the allegations in Plaintiff's complaint and will thus recite them only as necessary. For a more exhaustive discussion of Plaintiff's factual allegations, the Court refers the reader to its Order granting in part and denying in part Defendants' motion to dismiss. (Doc. 40).

This action is one of two cases pending before this Court that allege the improper capture and disclosure of private information through tracking technologies embedded on hospital websites. These technologies allegedly recorded individuals' browsing activity, such as their searches for doctors with specific medical specialties and their activity in online patient portals. Defendants allegedly then disclosed this information to third parties for marketing purposes. The other case in which a hospital defendant is accused of engaging in this course of conduct appears under the case caption *Doe v. Deaconess Illinois Union County Hospital*, No. 3:24-cv-02284-NJR.

In *Doe*, the Court issued an order on a motion to dismiss that strongly overlapped with its decision on Defendants' motion to dismiss in this case. *See Doe*, No. 3:24-cv-02284-NJR at Doc. 32. Considering the nearly identical factual and procedural postures of this case and *Doe*, the Court anticipates that the parties soon will file a motion to consolidate both actions.

With an eye toward consolidation, the Court reviewed its decisions on the motions to dismiss that were filed in both cases. In doing so, it identified an inconsistency in its treatment of claims under the IES. In *Doe*, the undersigned dismissed Plaintiff's IES claim but found that a nearly identical claim survived the motion to dismiss in this case. To address this inconsistency, the Court reconsidered its holding as to Count VIII of Plaintiff's complaint and now concludes that it must be dismissed.

The IES prohibits five forms of eavesdropping as explained in subsections (a)(1) through (a)(5) of 720 ILCS 5/14-2. Here, the Court found that Plaintiff had stated a claim for relief under subsection (a)(2), which makes it unlawful for a person to "knowingly

and intentionally" "[u]se[] an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any *private conversation* to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation." *Id.* § (a)(2) (emphasis added). A "private conversation" is defined in relevant part as "any *oral communication* between 2 or more persons, whether in person or transmitted between the parties by wire or other means." 720 ILCS 5/14-1(d) (emphasis added). Plaintiff's complaint, at its core, claims that Defendants improperly captured and disclosed his private information when they recorded his browsing activity on their websites. It does not allege that Defendants surreptitiously recorded phone calls or in-person conversations between Plaintiff and his care providers. It is thus apparent that Plaintiff's IES claim cannot proceed under subsection (a)(2) because Plaintiff has not alleged the existence of a "private conversation."

Plaintiff's IES claim fares no better under subsection (a)(3), which prohibits the surreptitious interception of a "private electronic communication." 720 ILCS 5/14-2(a)(3). Although a "private electronic communication" is defined in relevant part as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or part by a wire, radio, pager, computer, electromagnetic, photo electronic or photo optical system," and thus likely covers Plaintiff's browsing activity, liability under subsection (a)(3) is foreclosed because it is limited to the interception of communications by *nonparties* to the communication. *Id.* Here, Defendants were parties to Plaintiff's electronic communications. It was their websites that Plaintiff visited in connection with his healthcare needs, thus making Defendants the intended recipient of

the data and information he provided.

The other substantive prohibitions of the IES do not appear relevant here, nor did Plaintiff's response to Defendants' motion to dismiss ask the Court to consider them. Accordingly, the Court finds that Plaintiff has failed to state a claim for relief under the IES.

For these reasons, the Court *sua sponte* **RECONSIDERS** its denial of Defendants' Motion to Dismiss as to Count VIII of Plaintiff's Complaint. Count VIII is **DISMISSED**.

**IT IS SO ORDERED.**

DATED:  November 19, 2025

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**