# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL,<br><br>**Defendant.** | **CIVIL NO.** 3:24-cv-02284-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** July 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |
| JOEL JUENGER, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>DEACONESS HEALTH SYSTEM, INC.; DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC.; RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL,<br><br>**Defendants.** | **CIVIL NO.** 3:24-cv-02332-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** August 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |

## JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER
## (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on November 25, 2025 via videoconference, with attorneys John C. Roberts, Nate Hanna, Om Kakani, and Jad Sheikali participating.

The parties in the Doe matter were previously before the Court for an initial case management conference on November 18, 2025, during which they discussed consolidation of these related cases with the Court and entering a joint scheduling order in both matters. After meeting and conferring, the parties in both matters hereby submit this Joint Report and Proposed Scheduling and Discovery Order to govern both related actions, pending consolidation.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served by each party on or before December 12, 2025.

    Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by December 12, 2025. Defendant will respond to the interrogatories and requests for production previously served by Plaintiff on or before December 30, 2025, with rolling production of documents and tangible things to commence on that same date and continue until April 15, 2026.

    Due to the nature of this case, the parties are exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit). The parties agree to the following limitations on Interrogatories and depositions: 30 interrogatories, including discrete subparts, and 10 depositions of 7 hours each, which the parties may revisit for 30(b)(6) deponents.

3. Plaintiff(s) depositions shall be taken by May 29, 2026.

4. Defendant(s) depositions shall be taken by May 29, 2026.

5. Third Party actions must be commenced by February 16, 2026 (which date shall be no later than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along

      with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

         i. Plaintiff(s) expert(s): <u>July 31, 2026</u>.

         ii. Defendant(s) expert(s): <u>September 25, 2026</u>.

7. Depositions of Class Certification expert witnesses must be taken by:

         i. Plaintiff(s) expert(s): <u>November 13, 2026</u>.

         ii. Defendant(s) expert(s): <u>January 8, 2027</u>.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ ~~do not~~ anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than <u>November 28, 2025</u>. (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

9. Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by <u>February 26, 2027</u> (such date shall be no later than 8 months prior to the first day of the presumptive trial month or the first day of the month of the trial setting) and shall not exceed <u>40</u> pages. The parties shall confer prior to filing Class Certification motions regarding potential joint filings.

10. Defendant(s) Memorandum in Opposition to Class Certification shall be filed by <u>April 9, 2027</u> and shall not exceed <u>40</u> pages.

11. Plaintiff(s) Reply Memorandum, if any, must be filed by <u>May 7, 2027</u> and shall not exceed <u>20</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the

mechanism for submitting written positions to the Court on an expedited basis.

14. Pursuant to Fed. R. Evid. 502, in the event any communication or information subject to attorney-client privilege or work product protection is disclosed in the pending litigation, such disclosure shall not operate as a waiver of the attorney-client privilege or work product protection in this proceeding or any other federal or state proceeding.

Dated: November 25, 2025

Respectfully submitted,

*/s/ John C. Roberts*
J. Gerard Stranch, IV (admitted *pro hac vice*)
Andrew E. Mize (admitted *pro hac vice*)
John C. Roberts (admitted *pro hac vice*)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com
jroberts@stranchlaw.com

Lynn A. Toops
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

*Counsel for Plaintiffs Doe and Juenger,*
*and the respective Proposed Classes*

*/s/ David Alan Carney*
David Alan Carney
Om M. Kakani
Nathaniel O. Hanna
BAKER & HOSTETLER, LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Tel: (216) 621-0200
dcarney@bakerlaw.com

Paul G. Karlsgodt
BAKER & HOSTETLER, LLP
1801 California St., Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
pkarlsgodt@bakerlaw.com

*Counsel for Defendants Deaconess Illinois Union County Hospital, Inc., Deaconess Health System, Inc., and Deaconess Illinois Red Bud Regional Hospital, Inc.*

*/s/ Jad Sheikali*
Jad Sheikali
SHOOK, HARDY & BACON, LLP
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
jsheikali@shb.com

*Counsel for Defendant Red Bud Illinois Hospital Company, LLC d/b/a Red Bud Regional Hospital*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>DEACONESS ILLINOIS UNION COUNTY HOSPITAL, INC. d/b/a DEACONESS ILLINOIS UNION COUNTY d/b/a UNION COUNTY HOSPITAL,<br><br>**Defendant.** | **CIVIL NO.** 3:24-cv-02284-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** July 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |
| JOEL JUENGER, individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>DEACONESS HEALTH SYSTEM, INC.; DEACONESS ILLINOIS RED BUD REGIONAL HOSPITAL, INC.; RED BUD ILLINOIS HOSPITAL COMPANY, LLC d/b/a RED BUD REGIONAL HOSPITAL,<br><br>**Defendants.** | **CIVIL NO.** 3:24-cv-02332-NJR<br><br>**CJRA TRACK:** D<br><br>**PRESUMPTIVE TRIAL MONTH:** August 2027<br><br>**JUDGE:** Hon. Nancy J. Rosenstengel |

## SCHEDULING AND DISCOVERY ORDER
## (CLASS ACTION)

Depositions upon oral examination, interrogatories, request for documents, and answers and responses thereto shall not be filed unless on order of the Court. Disclosures or discovery under Federal Rule Civil Procedure 26(a) and SDIL-LR 26.1 are to be filed with the Court only to the extent required by the final pretrial order, other order of the

Court, or if a dispute arises over the disclosure or discovery. Having reviewed the Report of the Parties and finding that the parties have complied with the requirements of Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, the Court hereby approves and enters the Proposed Scheduling and Discovery Order as submitted by the parties/as modified at the Pretrial Scheduling and Discovery Conference.

( )     A settlement conference is set before _____ in accordance with SDIL-LR 16.3(b) on _____ at _____ in _____.

( )     A Class Certification hearing is set for _____ at _____ before the trial judge.

( )     A final pretrial conference is set for June 17, 2027 at 1:30 PM (*Doe*, ECF 34) and July 15, 2027 at 1:30PM (*Juenger*, ECF 45) before the trial judge in accordance with SDIL-LR 16.2(b).

( )     As initially set by the Court, the presumptive trial month is July 2027 in *Doe* and August 2027 in *Juenger*.

DATED: _____

_____